UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DEBRA SUE SCHJENKEN #524619**  **CASE NO. 6:17-CV-01188 SEC P**

**VERSUS**  **UNASSIGNED DISTRICT JUDGE**

**JIM ROGERS ET AL**  **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Pro se petitioner Debra Sue Schjenken ("Schjenken") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 18, 2017. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. She attacks her March 21, 2012 conviction for second degree murder and the life year sentence imposed by the Fifteenth Judicial District Court, Lafayette Parish. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be DISMISSED WITH PREJUDICE as time-barred and for failure to exhaust state court remedies.

### Background

On March 21, 2012, petitioner was found guilty by a jury of second degree murder and sentenced to life in prison. [Rec. Doc. 1, p. 1]   She sought review of the

trial court's decision in the Louisiana Third Circuit Court of Appeal, asserting two assignments of errors: (1) the evidence was insufficient to sustain the verdict of second degree murder; and 2) the trial court erred when it denied Defendant's objection to the admission at trial of her statements given to the police during interrogation. *State v. Schjenken*, 2012-1188 (La.App. 3 Cir. 4/3/13) 2013 WL 1319515. The Court of Appeal upheld the verdict on April 3, 2013. *Id*. Petitioner did not appeal the matter to the Louisiana Supreme Court and therefore, the verdict became final on May 3, 2013.

On or about March 26, 2014, petitioner filed a Motion and Memorandum in Support of a New Trial, [Rec. Doc. 15-1, pp. 31-50], which was denied by the trial court on April 2, 2014 [Rec. Doc. 15-1, p. 51]. On May 26, 2014, she filed a writ application with the Third Circuit Court of Appeal [Rec. Doc. 15-5, pp. 3-27], which was denied on October 16, 2014, in Docket Number KH 14-00593 [Rec. Doc. 15-5, p. 32]. On October 21, 2014, she sought supervisory writs in the Louisiana Supreme Court [Rec. Doc. 15-1, pp. 2- 28] Writs were denied on October 2, 2015, in Docket Number 2014-KH-2414. [Rec. Doc. 15-3, p. 9] Under the same docket number, petitioner requested rehearing in the Supreme Court on October 7, 2015. [Rec. Doc. 15-3, pp. 2-8] On October 30, 2015, the Court denied her application for rehearing, stating:

> Denied. The district court did not err in summarily denying relator's motion for new trial. Relator is not entitled to a new trial because

her motion is time-barred. See La. C.Cr.P. art. 853(B). Therefore, this Court has construed relator's motion as an application for post-conviction relief pursuant to La. C.Cr.P. art. 924, et seq. *Cf. Smith v. Cajun Insulation*, 392 So.2d 398, 402 n. 2 (La.1980) ("Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties."). The interests of justice do not require consideration of relator's insufficient evidence and diminished capacity claims, which were rejected on direct review. See La.C.Cr.P. art. 930.4(A). Relator's sentencing-related claim is not cognizable on collateral review. See La.C.Cr.P. art. 930.3; *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172. Relator has failed to carry her burden of proof on the remaining claims. See La.C.Cr.P. art. 930.2.

*State ex. rel. Schjenken v. State*, 175 So.3d 959 (La. 10/2/15); *see also* Rec. Doc. 15-3, pp. 10-11.

In 2016, petitioner attempted to file a Writ of Habeas Corpus with this Court in *Schjenken v. Rogers*, Docket Number 6:16-cv-1783. The matter was opened pursuant to a letter from petitioner indicating that she needed an extension of time to file a writ, as she was unable to receive documents due to the "historical flood" of August 2016. She then filed a Motion for Extension of Time to file premised on the same grounds. *Id*. at Rec. Doc. 2. Magistrate Judge Patrick J. Hanna denied petitioner's motion for "lack of subject matter jurisdiction." *Id*. at Rec. Doc. 4. That matter was terminated on January 13, 2017.

The matter currently before this Court was filed on September 18, 2017. Her petition states the following claim for relief, "The District Court failed to allow petitioner a new trial in accordance with La. Cr. C. P. Art 853, thus denying

3

petitioner's due process rights." [Rec. Doc. 1, p. 5, ¶ 12] In support of this claim, she states that she was "denied effective due process as the Court denied her Motion for New Trial. The Court denied petitioner substantive right to be heard before a fundamentally fair tribunal and jury bringing forth truthful evidence both truthful statements and evidence that would have found the crime warranted a conviction." *Id.* at §12(a).

On January 18, 2018, the undersigned ordered petitioner to amend her petition to provide documents necessary to determine whether "she has exhausted all state remedies prior to filing her petition in federal court, whether the petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1), and/or whether any of the claims raised are subject to the procedural default doctrine." [Rec. Doc. 6] On February 23, 2018, she filed a Motion for Extension of Time to Amend, indicating that all copies of her file were lost in the "Historical Flood of 2016," and she sought assistance from the Court in acquiring copies of her file. [Rec. Doc. 8]

On February 27, 2018, this Court granted petitioner's request, allowing her an additional sixty (60) days to amend her petition, and ordered the respondent to provide certain documents to the court. [Rec. Doc. 14] On May 21, 2018, the respondent, through the District Attorney for the Fifteenth Judicial District Court, filed a Memorandum in Support of Answer to Application for Writ of Habeas Corpus, providing the Court with the requested state court files, and addressing the

issues of whether the petitioner's claims are time barred or procedurally defaulted. [Rec. Doc. 15][1]

## Law and Analysis

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith*, 142 F.3d 832, 834, *citing Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-

---

[1] Respondent notes that as the Court has not yet requested a formal response to petitioner's writ, specifically addressing the merits each of the claims, it reserves its right to do so as soon as the Court deems necessary.

conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, *citing Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation sua sponte. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Petitioner filed a direct appeal of her conviction and sentence in the Louisiana Third Circuit Court of Appeal. However, she did not seek review in the Louisiana Supreme Court. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following April 3, 2013 (thirty days after the Court of Appeal mailed notice of judgment) or, May 3, 2013. Under §2244(d)(1) petitioner had one year from that date, or until May 3, 2014, to file her federal habeas petition.

Petitioner is eligible for statutory tolling of the 1-year limitations period during the time in which her post-conviction application was pending in the Louisiana courts. 28 U.S.C. § 2244(d)(2). The Louisiana Supreme Court construed petitioner's Motion for New Trial, filed on March 26, 2014, as an Application for Post-Conviction Relief. See *State ex. rel. Schjenken v. State*, 175 So.3d 959 (La. 10/2/15); *see also* Rec. Doc. 15-3, pp. 10-11. Thus, the AEDPA "clock" paused on March 26, 2014. It resumed on October 30, 2015, when the Louisiana Supreme

Court denied writs on her Motion for Rehearing. The § 2254 petition was filed in this Court on September 18, 2017.

The time that passed from the date the judgment of conviction became final (May 3, 2013) and the date the application for post-conviction relief was filed (March 26, 2014) is counted against the one-year limitation period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (*citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)). Thus, by the time the post-conviction application was filed, over 10 months of the 1-year limitations period had passed. Once the post-conviction application was no longer pending in the Louisiana courts, Petitioner had only 40 days remaining, or until December 19, 2015, within which to timely file her § 2254 petition. The § 2254 petition was not filed until September 18, 2017, which was over one year and eight months too late under the AEDPA.

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to

7

equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner offered no evidence indicating that equitable tolling would apply in her case.

## Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for habeas corpus be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either

the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 3rd day of August, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE